IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT DANTZLER,                    )
                    Plaintiff       )
                                    )
        vs.                         )        Civil Action No. 05-1143
                                    )        Judge David Stewart Cercone/
JEFFREY BEARD; SHARON BUCKS;        )        Magistrate Judge Amy Reynolds Hay
HARRY WILSON; CAROL SCIRE,          )
                    Defendants      )        RE: Doc. no. 14

MEMORANDUM ORDER

        AND NOW, this 5th day of April, 2006, IT IS HEREBY ORDERED that this

Court's Order dated April 3, 2006, is hereby VACATED.

        Upon consideration of the Plaintiff's Motion for Default, IT IS HEREBY

ORDERED that the motion (doc. 14) is DISMISSED as moot inasmuch as the Defendants have

filed a Motion to Dismiss in lieu of filing an answer and, therefore, consideration of default

judgment would be inappropriate.  Moreover, default judgment is relief that is generally

unavailable in habeas corpus proceedings.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir.

1970(finding Rule 55(a) has no application in habeas corpus cases and the response to a Petition

is not an Answer within the meaning of Fed.R.Civ.P. 12), superceded on other grounds by statute

as stated in Cobb v. Perini, 832 F.2d 342 (6th Cir. 1987); Lemons V. O'Sullivan, 54 F.3d 357,

364 (7th Cir. 1995)(default judgment is disfavored in habeas cases); Alder v. Burt, 240

F.Supp.2d 651, 677 (E.D.Mi. 2003)(default judgment is relief that is unavailable in habeas

corpus proceedings).

Further, in a habeas case, the burden is on the Petitioner to show that he is in custody in violation of the Constitution of the United States.  Allen, 424 F.2d at 138.  "The failure of state officials to file a timely return does not relieve the prisoner of his burden of proof. Id.  Accordingly, because there has been no evidentiary hearing and the averments of the Petition have not yet been proved by competent evidence, it appears that the Court would have no authority to grant the writ at this juncture.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned, plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order.  Failure to do so will waive the right to appeal.  Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).


/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge



cc:     Albert Dantzler
        DZ-4398
        SCI Fayette
        P.O. Box 99999
        LaBelle, PA 15450

        Kemal Alexander Mericli, Esquire
        Office of the Attorney General
        564 Forbes Avenue
        6th Floor, Manor Complex
        Pittsburgh, PA 15219