IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
                              )
ALBERT DANTZLER,              )
                              )
        Plaintiff             )
                              )
     vs.                      )
                              )   Civil Action No. 05-1143
JEFFREY BEARD, SHARON BUCKS, HARRY )
WILSON, and CAROL SCIRE,      )   Judge David S. Cercone/
                              )   Magistrate Judge Amy
        Defendants            )   Reynolds Hay
                              )
                              )   RE:  Dkt. No. 16
```

**REPORT AND RECOMMENDATION**

## I.   RECOMMENDATION

It is recommended that, the Defendants' motion to dismiss be granted that the amended complaint be dismissed for failure to state a claim upon which relief can be granted.

## II.  REPORT

Albert Dantzler ("Plaintiff"), a state prisoner, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 6.  The amended complaint alleges only the following:

> On about 3-7-05 Defendant Scire falsily [sic] placed the Plaintiff on grievance restriction for a second time by falsifying documents in violation of DC-ADM 804 Sections IV.L and VI.E.1 to hinder Plaintiff from filing grievances of merit. (Defendant Scire is/was the Grievance co-ordinator of S.C.I. FYT [i.e., Fayette]).
> Defendant Harry Wilson who is the Superintendent of FYT and Carol Scire['s] superior failed to correct this wrong on appeal to him thereby further allowing defendant Scire to falsify documents.
> Defendant Sharon Burks who is responsible for reviewing all grievances appeal[s] also allowed documents to be falsified by denying Plaintiff['s] appeal to her.

Defendant Jeffrey Beard who is all defendants['] superior/supervisor and is liable under supervisory liability by failing to instruct/train them better about this policy.

Doc. 6, ¶ IV.C at 4.  Plaintiff contends that the foregoing allegations demonstrate a violation of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. Id., ¶ III at 4.

The Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Doc. 16-1 and a brief in support.  Doc. 17.  Plaintiff filed a reply.  Doc. 23.

A.  **Applicable Legal Principles**

The Court of Appeals has explained the standards by which a court evaluates a motion to dismiss as follows:

> [w]hen considering a Rule 12(b)(6) motion, we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.  A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *D.P. Enter. Inc.*, 725 F.2d at 944; *Richardson v. Pa. Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1977). However, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (*quoting Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir.1996)).

Evancho v. Fisher, 423 F.3d 347, 350-51 (3d Cir. 2005)(some citations omitted).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less

stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).  With the forgoing principles in mind, the court considers Plaintiff's amended complaint.

**B.  Discussion**

    **1.  First Amendment Claims**

    Although Plaintiff invokes the First Amendment, it is not clear which of the First Amendment rights he is invoking.  Hence, his mere "bald assertion" of a First Amendment violation, fails to give the Defendants fair notice of his claim as is required by Fed.R.Civ.P. 8.  Pace Resources, Inc. v. Shrewsbury Tp., 808 F.2d 1023, 1029 (3d Cir. 1987)("under Fed.R.Civ.P. 8(a)(2), [a] pleading must give fair notice").  However, it appears from his reply brief, that Plaintiff is making a claim of retaliation under the First Amendment.  Doc. 23 at 2.  Despite the rule that a court ought not permit a plaintiff, even a pro se plaintiff, from effectively amending his complaint via a brief in response to a motion to dismiss,[1] the court will consider the complaint to be asserting a First Amendment retaliation claim.

---

    [1]  Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading.").  Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under section 1983.  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages arising under the constitution). Accord Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech.") (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)).

In order to prevail on a retaliation claim, a plaintiff must allege:  (1) that he engaged in constitutionally protected activity; (2) that he was subject to adverse actions by a state actor; and (3) the constitutionally protected activity was a substantial motivating factor in the state actor's decision to take adverse action. See  Anderson v. Davila, 125 F.3d at 161 (citing Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

It is Plaintiff's burden to show that retaliating against Plaintiff for the exercise of his First Amendment right to engage in the grievance process was a substantial motivating factor in

4

the Defendants' alleged actions.  See Hannon v. Speck, Civ. A.
No. 87-3210, 1988 WL 131367, at *4 (E.D.Pa. Dec. 6, 1988) ("In
bringing a §1983 action alleging such retaliation, an inmate
faces a substantial burden in attempting to prove that the actual
motivating factor ... was as he alleged.") (internal quotes and
citation omitted), aff'd, 888 F.2d 1380 (3d Cir. 1989)(Table).
Essentially, Plaintiff must establish a causal nexus between his
engaging in the grievance process and the actions of the
Defendants.   Typically, a plaintiff may meet this burden by
"produc[ing] direct evidence of motivation or, the more probable
scenario, 'allege a chronology of events from which retaliation
may plausibly be inferred.'" Jones v. Greninger, 188 F.3d 322,
325 (5th Cir. 1999) (quoting Woods v. Smith, 60 F.3d 1161, 1166
(5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996)).

Instantly, Plaintiff has utterly failed to make any
allegations regarding a chronology of events that would permit an
inference of causation. See, e.g., McCain v. Scott, 9 F.Supp.2d
1365, 1370 (N.D. Ga. 1998)(dismissing claim where the prisoner,
"McCain has pled no facts that would tend to show a causal
relationship between these events.  He has not pled, for example,
facts that would tend to show that the [correctional] Defendants
had knowledge of the administrative complaints" he filed which
formed the basis of the alleged retaliation); Harris v. Keane,
962 F.Supp. 397, 405 (S.D.N.Y. 1997)(dismissing as a matter of

law a prisoner's claim of retaliation where "Plaintiff has . . .
failed to allege, whether the particular Defendants even knew
about Plaintiff's grievances. . . ."). Thus, Plaintiff's claim
of retaliation fails to sufficiently allege the third prong of a
retaliation claim, i.e., a causal connection between the
allegedly protected conduct engaged in and the allegedly
retaliatory actions taken.

Even if Plaintiff had sufficiently alleged the third prong,
his retaliation claim fails on the second prong as well. The
second prong requires that Plaintiff allege that the defendant
took adverse action against the plaintiff. In order to meet this
prong, Plaintiff must allege an action sufficiently negative to
"deter a prisoner of ordinary firmness from exercising his First
Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d
Cir. 2000). Here, the alleged retaliation is that Defendant
Scire placed Plaintiff on grievance restrictions and the
remaining defendants upheld Defendant Scire's actions by
affirming the denial of Plaintiff's grievance appeals when he
appealed Defendant Scire's actions of placing Plaintiff on
grievance restriction. Placing an inmate on grievance
restriction does not appear to be of such a nature as to deter a
prisoner of ordinary firmness from engaging in constitutionally
protected activity. See, e.g., Moore v. Sergent, 22 Fed.Appx.
472 (6th Cir. 2001)(placing inmate on grievance restrictions does

not constitute an adverse action).  In fact, it is clear that
Plaintiff was not deterred insofar as he continued to file
grievances as is evidenced by the fact that he filed grievances
concerning his being placed on grievance restriction. Doc. 5, ¶
V.C.1-2 at 3.[2]

Even under the liberal pleading standards of the Federal
Rules, it is clear that the complaint fails to state a First
Amendment Retaliation claim.

### 2.  **Fourth Amendment Claims**

The Fourth Amendment provides that

> The right of the people to be secure in their persons,
> houses, papers, and effects, against unreasonable
> searches and seizures, shall not be violated, and no
> warrants shall issue, but upon probable cause,
> supported by oath or affirmation, and particularly
> describing the place to be searched, and the persons or
> things to be seized.

It is clear that the complaint implicates none of the rights
protected by the Fourth Amendment.  To the extent that Plaintiff

---

[2] To the extent that Petitioner may have been attempting to make
out a First Amendment claim of being denied the right to petition the
government, again, his claim fails as a matter of law. Flick v. Alba,
932 F.2d 728, 729 (8th Cir. 1991)(per curiam)("the prisoner's right to
petition the government for redress is the right of access to the
courts, which is not compromised by the prison's refusal to entertain
his grievance."); Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997)
(where prisoner sued DOC officials for failing to respond to his
grievances, the court held that "[p]risoners are not constitutionally
entitled to a grievance procedure and the state creation of such a
procedure does not create any federal constitutional rights. Prisoners
do have a constitutional right to seek redress of their grievances
from the government, but that right is the right of access to the
courts, and this right is not compromised by the failure of the prison
to address his grievances."), aff'd, 142 F.3d 430 (3d Cir. 1998)
(Table).

is making a claim that he is not secure in his "papers" meaning thereby his grievance forms, he has no fourth amendment protections for those papers.

The "Fourth Amendment protects against unreasonable searches and seizures." United States v. Charles, 29 Fed.Appx. 892, 896 (3d Cir. 2002)(internal quotations omitted).  However, the protections of the Fourth Amendment with respect to searches and seizures of a prisoner's "property" simply do not apply in the prison context.  Doe v. Delie,  257 F.3d 309, 316 (3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); Jones v. Arpaio, 194 F.3d 1317 (Table) (unpublished) (9th Cir. 1999) ("Finally, there is no merit to Valandingham's contention that jail officials violated his constitutional rights when they failed to return documents, correspondence, and postage seized following a search of his cell. Valandingham presented no evidence that the challenged conduct was unconstitutional per se, *see Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) (holding that Fourth Amendment's prohibition against unreasonable seizures does not apply in prison) . . . .").  Indeed, what the Court held in Taylor v. Knapp, 871 F.2d 803 (9th Cir. 1989), cert. denied, 493 U.S. 868 (1989) is equally applicable here.  In Taylor, the prison authorities were accused of seizing the property of a prisoner

and the property of a non profit corporation of which the prisoner plaintiff was an officer.  The plaintiff even alleged that the prison authorities had converted the property to their own use.  The plaintiff alleged that the deprivation of his property and of the corporation's property violated their fourth amendment rights.  The Court in <u>Taylor</u> rejected this claim, holding that the Fourth Amendment provided no protections against such deprivations.  The <u>Taylor</u> Court held that

> Taylor can make no fourth amendment claim, either on his own behalf or on behalf of the nonprofit corporation he wishes to represent.
> Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. *Hudson*, *supra*, 468 U.S. at 524, 104 S.Ct. at 3199; *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804 (1974). An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property. *Hudson, supra*, 468 U.S. at 528 n. 8, 104 S.Ct. at 2808 n. 8. Hence it cannot protect an inmate from the conversion of his property. *See id*. at 537-40, 104 S.Ct. at 3205- 07 (O'Connor, J, concurring) (because prison officials are authorized indefinitely to dispossess inmates of their property, what happens to the property while in official custody is not a Fourth Amendment concern). This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments. *Id*. at 540, 104 S.Ct. at 3207.

<u>Id</u>. at 806.  Likewise here, Plaintiff has no Fourth Amendment claim against the Defendants' actions taken in regards to placing Plaintiff on grievance restriction.

### 3.  **Fifth Amendment Claims**

The Fifth Amendment provides that

No person shall be held to answer for a capital, or
otherwise infamous crime, unless on a presentment or
indictment of a grand jury, except in cases arising in
the land or naval forces, or in the militia, when in
actual service in time of war or public danger; nor
shall any person be subject for the same offense to be
twice put in jeopardy of life or limb; nor shall be
compelled in any criminal case to be a witness against
himself, nor be deprived of life, liberty, or property,
without due process of law; nor shall private property
be taken for public use, without just compensation.

Again, the allegations of the complaint fail to state a claim for

relief under the Fifth Amendment. To the extent that Plaintiff

feels his being placed on grievance restriction amounts to

punishment and/or prosecution, i.e., being put in "jeopardy" in

violation of the double jeopardy clause, that clause deals only

with criminal prosecutions.   See, e.g., Guerrero-Bermudez v.

U.S. Attorney General, 2006 WL 2329357, *1 (11th Cir. Aug. 11,

2006)(""the double jeopardy clause applies only to proceedings

that are essentially criminal and deportation is purely civil");

Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006)("Because

the Double Jeopardy clause only applies to proceedings that are

'essentially criminal' in nature, 'it is well established that

prison disciplinary sanctions'-such as administrative

segregation-'do not implicate' double jeopardy protections.")

(citations omitted), cert. denied, __ U.S. __, 2006 WL 2725736

(Nov. 27, 2006).  Being placed on grievance restrictions even if

such restrictions were imposed on Plaintiff on multiple

occasions, simply does not implicate the double jeopardy

10

protections because such restrictions are in no manner "criminal proceedings" within the ambit of the Fifth Amendment's double jeopardy protections.

Insofar as Plaintiff feels he is being deprived of liberty without due process, he fails to state a claim under the Fifth Amendment because its due process clause only protects against Federal government actors, not state government actors. See, Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997)("The Fifth Amendment obviously does not apply here--the acts complained of were committed by state rather than federal officials."); Wrinkles v. Davis, 311 F.Supp.2d 735, 738 (N.D.Ind. 2004) ("The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials.").  All the Defendants named herein, are state, not federal actors and hence the Fifth Amendment is inapplicable. Moreover, a due process claim under the Fifth Amendment, assuming its applicability, would simply be redundant to any due process claims under the Fourteenth Amendment's due process clause.

**4.  <u>Eighth Amendment Claims</u>**

The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  It may be that Plaintiff feels that his being placed on grievance restriction amounted to cruel and unusual punishment.

11

The Supreme Court has explained that analysis of a violation of the Eighth Amendment cruel and unusual punishments clause in the context of a prisoner's challenges to the conditions of his confinement, involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991).   The Court of Appeals for the Third Circuit has explained the objective element as requiring proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. . . .  If not, our inquiry is at an end."  Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000), cert. denied, 531 U.S. 821 (2000).  Although the "objective component of a cruel-and-unusual-punishment claim focuses on the harm done[,]" Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000), the Third Circuit Court of Appeals has cautioned that "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Fuentes v. Wagner, 206 F.3d at 344 (quoting, Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotes omitted).  In determining whether a harm "was sufficiently serious to fall within the Eighth Amendment's zone of protections", Fuentes v. Wagner, 206 F.3d at 344, the Third Circuit has described the inquiry as whether the prisoner has been deprived of the "minimal

12

civilized measure of life's necessities." <u>Young v. Quinlan</u>, 960 F.2d 351, 359 (3d Cir. 1992)(internal quotes omitted), *superseded by statute on other grounds as stated in* <u>Ghana v. Holland</u>, 226 F.3d 175, 184  (3d Cir. 2000).  To establish that one has been deprived of the minimal civilized measure of life's necessities requires a demonstration that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault.  <u>Griffin v. Vaughn</u>, 112 F.3d 703, 709 (3d Cir. 1997).

Instantly, being placed on grievance restriction and having that restriction upheld on appeal of Defendant Scire's action in placing him on grievance restriction simply does not deprive Plaintiff of the minimal civilized measure of life's necessities as a matter of law.  Hence, the Eighth Amendment claim must be dismissed.

### 5.  <u>Fourteenth Amendment's Due Process Claims</u>

In his reply brief, Plaintiff clarifies that he is bringing a Fourteenth Amendment procedural due process claim.  Doc. 23 at 5.  He contends that being placed on grievance restrictions deprives him of a liberty interest without procedural due process.

Conducting a procedural due process analysis involves a two step inquiry: the first question to be asked is whether the complaining party has a protected liberty interest and, if so,

13

the second question to be asked is whether the process afforded the complaining party comported with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

In their actions concerning the grievances and/or appeals, the Defendants did not deprive Plaintiff of procedural due process because Plaintiff has no liberty interest in the grievance procedures. See, e.g., Villegas v. Terhune, 2006 WL 403886, *14 (E.D. Cal. Feb. 16, 2006).

In a case remarkably similar to the one Plaintiff brings, a prisoner was placed on grievance restriction whereby he was limited to one nonemergency grievance a month for six months. Villegas v. Terhune, 2006 WL 403886 at *14.   In Villegas, the prisoner plaintiff claimed that he was denied due process by the imposition of the grievance restriction.   The Court, in a well reasoned opinion, rejected the prisoner's claim as follows:

> As to plaintiff's claims that he is denied to due process (or a right of access to the courts) with respect to the failure of the defendants to process his appeals, defendants are correct that there is no constitutional right to an inmate appeals process. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only,

14

> it does not confer any substantive right upon the
> inmates. Hence, it does not give rise to a protected
> liberty interest requiring the procedural protections
> envisioned by the fourteenth amendment"). Specifically,
> a failure to process a grievance does not state a
> constitutional violation. *Buckley, supra*. State
> regulations give rise to a liberty interest protected
> by the Due Process Clause of the federal constitution
> only if those regulations pertain to "freedom from
> restraint" that "imposes atypical and significant
> hardship on the inmate in relation to the ordinary
> incidents of prison life." *Sandin v. Conner*, 515 U.S.
> 472, 484 (1995). Defendants' motion should be granted
> on the ground that plaintiff's due process rights were
> [not] violated when he was put on appeal restriction.

Id., at *16 (footnote omitted). Just as in Villegas, Plaintiff's procedural due process claim fails as a matter of law and must be dismissed. See, e.g., Anderson v. Colorado Dept. of Corrections, 185 F.3d 873 (Table), 1999 WL 387163, *2 (10th Cir. 1999) ("petitioner's allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner. The failure to conduct an investigation or respond to petitioner's grievances does not impose an atypical and significant hardship"); Metcalf v. Veita, 156 F.3d 1231 (Table) 1998 WL 476254, *2 (6th Cir. 1998)("As to the conduct attributed to the warden personally, consisting of denying Metcalf's appeals and grievances, Metcalf did not state a due process claim because he suffered no atypical and significant hardship as a result."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)("the Constitution creates no entitlement

15

to grievance procedures or access to any such procedure voluntarily established by a state. . . . We therefore affirm the district court's dismissal of this case as lacking a basis in law."); <u>Overholt v. Unibase Data Entry, Inc.</u>, 221 F.3d 1335 (Table), 2000 WL 799760, *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted).

To the extent that Plaintiff is complaining that the Defendants failed to follow state rules regarding procedures to be followed in placing him on grievance restriction and thereby denied him procedural due process, his complaint fails to state a claim. The Supreme Court has observed that "[a] liberty interest is of course a substantive [in contrast to a procedural] interest of an individual;  it cannot be the right to demand needless formality.  Process is not an end in itself.   Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . .  The State may choose to require procedures for reasons other than protection against deprivation of substantive  rights, of course, but in making that choice the State does not create an

16

independent substantive right." Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983)(internal quotations, citations and footnotes omitted).  See also Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."); United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981)("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.")(*quoting*, Slotnick v. Staviskey, 560 F.2d 31, 34 (1st Cir. 1977), cert. denied,  434 U.S. 1077 (1978)); Shango v. Jurich, 681 F.2d 1091, 1101-02 (7th Cir.1982) ("[A] state created procedural right is not itself a liberty interest.... States may decide to engage in such proceedings, but the due process clause does not compel them to do so because no constitutionally cognizable substantive interest of the prisoner is at stake."); Hayes v. Muller, No. 96-3420, 1996 WL 583180, *7 (E.D. Pa.  Oct. 10, 1996) ("[A] state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures."); Rowe v. Fauver, 533 F.Supp. 1239, 1246 n.10 (D.N.J. 1982)("a failure by state officials to follow state procedural regulations not independently required by the Constitution fails to state a claim under the Due Process Clause.").  Thus, violations of state statutes or regulations

17

that require certain procedures that are not otherwise compelled by the Federal Constitution because there is no liberty interest, which those state mandated procedures protect, do not make out a claim under Section 1983 and the proper remedy, if any, is in state court, seeking to have the state statutes enforced.

## III. <u>CONCLUSION</u>

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report, and any evidentiary materials as to the merits of the 2002 habeas petition.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 4 December, 2006

cc:  The Honorable David S. Cercone
     United States District Judge

     Albert Dantzler
     SCI Fayette
     P.O. Box 99999
     50 Overlook Drive
     Labelle, PA 15450

Mariah Passarelli, Esquire
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219